# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2011 MAY -5 AM 11: 57

DEPUTY CLERK _____

## PETITION FOR A WRIT OF HABEAS CORPUS BY A
## PERSON IN FEDERAL CUSTODY

**RAFAEL PEREZ-RODRIGUEZ**

PETITIONER (Full name of Petitioner)

v.

**K. DIXON, WARDEN**

RESPONDENT (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of petitioner)

**GILES W. DALBY C.F.: POST, TX.**

CURRENT PLACE OF CONFINEMENT

**40282-424**

PRISONER ID NUMBER

**08-CR-351-1**

CASE NUMBER (Supplied by the Clerk of the District Court)

---

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDJC-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6. Include all your grounds for relief and all facts that support each ground for relief in this petition.

7. When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail you petition.

8. Petitions that do not meet these instructions may be returned to you.


RECEIVED

MAY - 5 2011

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## PETITION

What are you challenging? (Check only one)

[X] A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-23)

[ ] A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-23)

[ ] A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-23)

All petitioners must answer questions 1-4:

1. Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, CHICAGO DIVISION, 219 SOUTH DEARBORN STREET: CHICAGO, IL 60604

2. Date of judgment of conviction: **MARCH 25, 2009**

3. Length of sentence: **57-MONTHS**

4. Nature of offence and docket number (if known): **Wire Fraud, False Statement in Application and Use of a Passport, Aggravated Identity Theft, Identification Documents Fraud, and Aggravated Identity Theft. (Five counts total)**

Judgment of Conviction or Sentence, probation or Deferred-Adjudication Probation:

5. What was your plea? (check one)   [X] Not Guilty   [ ] Guilty   [ ] Nolo Contendere

6. Kind of trial: (Check one)   [X] Jury   [ ] Judge Only

7. Did you testify at the trial?   [ ] Yes   [X] No

8. Did you appeal the judgment of conviction?   [X] Yes   [ ] No

9. If you did appeal, in what appellate court did you file your direct appeal? **U.S.C.A. FOR THE SEVENTH CIRCUIT**

Case Number (if known) **NO. 09-1850**

What was the result of your direct appeal (affirmed, modified, or reversed): **AFFIRMED**

What was the date of that decision? **DECEMBER 22, 2009**

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Result: **NOT APPLICABLE**                    **NOT APPLICABLE**

Date of result: **NOT APPLICABLE**      Cause Number (if known:) **NOT APPLICABLE**

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

Result: **NOT APPLICABLE**                    **NOT APPLICABLE**

Date of result: **NOT APPLICABLE**

10. Other than a direct appeal, have you filed any petitions, applications, or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

[X] Yes          [ ] No

11. If your answer to 10 is "Yes," give the following information:.

Name of court: **NOT APPLICABLE**

Nature of proceeding: **NOT APPLICABLE**

Cause number (if known): **NOT APPLICABLE**

Date (month, day and year) you filed the petition, application, or motion as shown by a file-stamped date from the court.

**NOT APPLICABLE**                                                                **NOT APPLICABLE**

Grounds raised: **NOT APPLICABLE**

Date of final decision: **NOT APPLICABLE**

Name of court that issued the final decision: **NOT APPLICABLE**

As to any second petition, application, or motion, give the same information:

Name of court: **NOT APPLICABLE**

Nature of proceeding: **NOT APPLICABLE**

Cause number (if known): **NOT APPLICABLE**

Date (month, day, and year) you filed the petition, application or motion as shown by a file-stamped date from the court.

**NOT APPLICABLE**                                                                **NOT APPLICABLE**

Grounds raised: **NOT APPLICABLE**

Date of final decision: **NOT APPLICABLE**

Name of court that issued the final decision: **NOT APPLICABLE**

*If you have filed more than two petitions, application, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition:

☐ Yes        ☒ No

(a)    If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

| NOT APPLICABLE | NOT APPLICABLE | NOT APPLICABLE |

(b)    Give the date and length of the sentence to be served in the future:

| NOT APPLICABLE | NOT APPLICABLE | NOT APPLICABLE |

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐ Yes        ☒ No

**Parole Revocation:**

13. Date and location of your parole revocation: **NOT APPLICABLE**

14. Have you filed any petitions, application, or motions in any state or federal court challenging your parole revocation?

☐ Yes      ☒ No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?

☐ Yes      ☒ No

16. Are you eligible for mandatory supervised release?

☐ Yes      ☒ No

17. Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

**NOT APPLICABLE**        **NOT APPLICABLE**        **NOT APPLICABLE**

Disciplinary case number: **NOT APPLICABLE**

18. Date you were found guilty of the disciplinary violation: **NOT APPLICABLE**

Did you lose previously earned good-time credits? ☐ Yes      ☒ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost:

**NOT APPLICABLE**        **NOT APPLICABLE**        **NOT APPLICABLE**

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

☐ Yes      ☒ No

If your answer to Question 19 is "yes," answer the following:

**Step 1** Result:

**NOT APPLICABLE**        **NOT APPLICABLE**        **NOT APPLICABLE**

Date of Result: **NOT APPLICABLE**

**Step 2** Result:

**NOT APPLICABLE**        **NOT APPLICABLE**        **NOT APPLICABLE**

Date of Result: **NOT APPLICABLE**

**All applicants must answer the remaining questions:**

20. State clearly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION:

Exhaustion of State Remedies: You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.

Subsequent Petitions: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your belief that you are being held unlawfully.

**DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS.** Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(A)　　　Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(B)　　　Conviction obtained by the use of a coerced confession.

(C)　　　Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(D)　　　Conviction obtained by the use of evidence obtained from an unlawful arrest.

(E)　　　Conviction obtained by a violation of the privilege against self-incrimination.

(F)　　　Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(G)　　　Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(H)　　　Conviction obtained by a violation of the protection against double jeopardy.

(I)　　　Denial of effective assistance of counsel.

(J)　　　Denial of the right to appeal.

(K)　　　Violation of my right to due process in a disciplinary action taken by prison officials.

A. GROUND ONE:　**PETITIONER'S CUSTODY IS VIOLATION OF HIS CONSTITUTIONAL RIGHTS.**

Supporting FACTS (tell your story briefly without citing cases or law):

Petitioner's eligibility for **Minimum Security Confinement, Drug Program,** and **Pre-Release Custody** as a result of his status as a deportable alien constituted significant mitigating factors that should be considered by this Federal Court.

Disparate sentences that result between aliens and American inmates as a consequence of Immigration detainers lodge automatically in an alien's B.O.P.'s file constitute a violation of equal protection under the law and the U.S. Constitution.

The Second Chance Act passed by Congress in 2007, makes reference to all Federal Prisoners without distinction as to aliens or U.S. Citizens, and the Act provides benefits for release and treatment of all Federal Prisoners, prior to and after release. Since plain meaning must be given to all statutory laws, the only conclusion that can be drawn from the words in this and other laws is that all prisoners does not create a distinction between aliens and U.S. Citizens.

A downward departure from a sentence imposed may be appropriate where the Petitioner's status as a deportable alien is likely to cause a fortuitous increase in the severity of his confinement. The fact that aliens are denied **one (1) year off** for completing a **Drug Program,** denied **six (6) months** in a **Halfway House,** placed in **Higher Security Camps** without access to the same type and scope of rehabilitative tools, courses, and programs available to U.S. Citizens prisoners, creates an unwarranted

**CONTINUE ON NEXT PAGE**

disparity in the sentence imposed.

Additionally, custodial sentences are more severe than probationary sentences of equivalent terms, and if the Court arrives at a sentencing range that lies outside the range of reasonableness, based on the facts dictated by the case, **disqualification** for **Community Supervised "aftercare"** as a result of Immigration detainer renders the Petitioner ineligible for this program. **18 U.S.C. § 3621(e).**

Petitioner is further **barred** from **qualifying** for **early release** pursuant to **18 U.S.C. § 3624(c),** a program which enables the prisoner to be **phased** into the Community up to **six (6)** months prior to his release date.

**B. GROUND TWO: THE U.S.S.G. ON CULTUTAL ASSIMILATION AS A COMMENTARY AMENDMENT MAY BE CONSIDERED FOR A MODIFICATION OF SENTENCE UNDER THE AUTHORITY OF TITLE 18 U.S.C.A. § 3582(c)(2).**

Supporting FACTS (tell your story briefly without citing cases or law):

In October of 2008, the United States Sentencing Commission, presented a commentary in the United States Sentencing Guidelines as an amendment for those sentenced in violation of Title 8 U.S.C.A. § 1326's crimes. The topic of the amendment was **Cultural Assimilation** for those illegally entry Defendants who have lived in the United States for half of their lives. There is case law in sister circuit courts like the 4th, 10th, and 11th Circuit Courts of Appeals as in the 5th Circuit, that have held that the commentary amendment as to the issue of **Cultural Assimilation** deserves a second look as a basis for sentencing to a lesser sentence that what the Guidelines may indicate.

The Defendant, Rafael Perez-Rodriguez, has resided in the United States of America for 21-years. He has raised a family of United States Citizenship. He has no family left in Mexico, so when he be deported, he will not have a choice but to return to his family here in the United States. This goes exactly to the United States  Sentencing Commission heartland of its discussion on **Cultural Assimilation.**

The 57-months of imprisonment for this Defendant who had no choice but to return into the United States to be with his only family is disproportionate punishment and the issue of **Cultural Assimilation** should be considered by this Court for a modification of sentence or that the Court consider holding this issue on abeyance until a Memorandum of Law as to this issue is prepared.

## C. GROUND THREE:

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

## D. GROUND FOUR:

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

21. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☒ Yes          ☐ No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

On October 25, 2010, a Motion under 28 U.S.C. § 2255 was submitted to the U.S. District Court for the Northern District of Illinois challenging Petitioner's conviction and sentence under the grounds of Ineffective Assistance of Counsel which is remaining for further resolution. The docket number is 10-CV-7039. The issues raised were: (1) Denial of right to effective assistance of counsel, (2) The District Court erred by denying Petitioner's Motion for Judgment of Acquittal as the evidence was insufficient to Submit it to the Jury under Facts of this case, (3) The District Court Erred in Denying Petitioner's Motion for a New Trial, (4) The District Court Erred in Admitting Testimony of Government Witnesses, (5) The District Court Reversible Erred in Giving a Deliberate Ignorance, or Willfull Blindness Instruction as to Constructive Knowledge over Objection, (6) Colorable Sentencing Issues Were Present, (7) Petitioner's Sentence Was Greater Than Necessary to Effectuate The Goals of 18 U.S.C. § 3553(a), (8) Petitioner Justifies a Downward Departure on Grounds of Ineligibility for Minimum Security Confinement, Drugs Program, and Pre-Release Custody as a Result of his Status as Deportable Alien Constituted Significant Nitigating Factors That Should Have Been Considered By The Sentencing Court, (9) Custodial Sentences Are More Severe Than Probatory Sentences Of Equivalent Terms, And If The Court Arrives At A Sentencing Range That Lies Outside The Range Of Reasonableness, Based On The Facts Dictated By The Case,

22. Are any grounds listed in paragraph 20 above presented for the first time in this petition?

   [X] Yes          [ ] No

   If your answer is "yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

> The U.S.S.G. on **Cultural Assimilation** as a Commentary Amendment may be considered for a modification of sentence under the authority of Title 18 U.S.C.A. § 3582(c)(2).
>
> It was not appropriate to raise it in a 28 U.S.C. § 2255 Motion

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

      [X] Yes          [ ] No

   If "yes," identify each type of proceeding (i.e. direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

> **Same as stated in question # 21 above**

      Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled to.


      I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on: **May 03, 2011**

            Executed on: **May 03, 2011**

                                                _____
                                                Signature of Petitioner (required)


Petitioner's current address: **RAFAEL PEREZ-RODRIGUEZ**
                              Reg. No. 40282-424
                              Giles W. Dalby C.F.
                              805 North Avenue F
                              Post, TX 79356



Case 5:11-cv-00087-C   Document 1   Filed 05/05/11   Page 9 of 9   PageID 9

Rafael Perez-Rodriguez
Reg. No. 40282-424
Giles W. Dalby C.F.
805 North Avenue F
Post, TX 79356

RECEIVED
MAY - 5 2011
11:56 AM
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

L E G A L    M A I L

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION
KRISTY WEINHEIMER, DEPUTY-IN-CHARGE
GEORGE H. MAHON FEDERAL BUILDING
1205 TEXAS AVENUE, ROOM 209
LUBBOCK, TX 79401-4091